1

2

3

4

5

6

7

8                   IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CHARITY MAE PANTALION,

11            Plaintiff,                    CIV. NO. S-09-2262 MCE GGH PS

12       vs.

13   RESMAE MORTGAGE CORPORATION, et al.,    ORDER AND

14                                           FINDINGS AND RECOMMENDATIONS
              Defendants.
15   _____/

16            Plaintiff is proceeding in this action pro se and has paid the filing fee.  Previously

17   pending on this court's law and motion calendar for March 25, 2010 was a motion to dismiss,

18   filed January 28, 2010, by defendants Wilshire Credit Corporation ("Wilshire"), Mortgage

19   Electronic Registration Systems, Inc., Merrill Lynch Mortgage Investors, Inc, and Merrill Lynch

20   Investors Trust Series 2006 RM5.  These defendants were represented by Barry Coleman of the

21   Ryan law firm.[1]  Attorney Mitchell Abdallah appeared for the first time on behalf of plaintiff.

22   Also before the court is ResMAE's motion to dismiss, filed February 17, 2010, and taken under

23   submission without a hearing on April 2, 2010.  After hearing oral argument and reviewing the

24   parties' papers, the court now issues the following findings and recommendations.

25   _____

26        [1] There are numerous other defendants in this case aside from this group of defendants.

1

BACKGROUND

1

2          Plaintiff's complaint was filed in this court on August 17, 2009.  Plaintiff alleges

3   that on or about August 19, 2006, she obtained a loan from defendants Home Loans Direct,

4   Annett, Desouki, and Cox secured by a deed of trust naming defendant ResMAE Mortgage Co.

5   ("ResMAE") as the lender.  (Compl. ¶¶ 22, 24-26.)  Plaintiff alleges that these defendants made

6   misrepresentations regarding the terms of the loan which caused plaintiff to enter into it to her

7   detriment.  (Id. at ¶ 25.)  Plaintiff alleges that MERS was a beneficiary on the Deed of Trust.  (Id.

8   at ¶ 9.)  The complaint further asserts that as servicer for ResMAE Mortgage, defendant Wilshire

9   Credit Corporation violated RESPA, TILA's disclosure requirements, and engaged in bad faith

10  negotiations.  (Id. at ¶ 15.)  Defendants ResMAE, Merrill Lynch Mortgage Investor's Inc., and

11  Merrill Lynch Investors Trust Series 2006 RM5 are accused of engaging in a scheme "to defraud

12  borrowers and purchasers of Mortgage Backed Securities..." and are alleged to have violated

13  SEC rules and regulations.[2]  (Id. at ¶ 16.)

14          Plaintiff alleges violations of the Truth in Lending Act ("TILA") (15 U.S.C. §

15  1601) against defendant ResMAE, the Real Estate Settlement Procedures Act ("RESPA") (12

16  U.S.C. § 2605) against defendants DE HDL, Inc., Desouki, Cox, Lodes Capital Escrow, Inc.,

17  Hall, Fox Fields Financial Corp., and Fox, SEC rules and regulations, California's Rosenthal Act

18  (Cal. Civ. Code §§ 1788 et seq.), unfair competition (Cal. Bus. and Prof. Code § 17200), fraud,

19  breach of fiduciary duty, negligence, and to enforce rescission (Cal. Civ. Code § 2923.6).

20  Plaintiff seeks an injunction preventing defendants from collecting on the loan or selling the

21  property, as well as declaratory relief and damages.

22  \\\\\

23  \\\\\

24  \\\\\

25  ────────────────

26      [2]  Plaintiff asserts numerous other allegations against defendants who are not participating in the instant motions to dismiss.

1  DISCUSSION

2       I.  MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS (Fed. R. Civ.

3  P. 12(b)(5) (Defendants Wilshire Credit Corporation, Mortgage Electronic Registration Systems,

4  Inc., Merrill Lynch Mortgage Investors, Inc, and Merrill Lynch Investors Trust Series 2006 RM5)

5       This group of defendants first moves to dismiss for insufficient service of process

6  based on plaintiff's delay in service and defective service.

7       Pursuant to Fed. R. Civ. P. 4(m), service of process must be effectuated within

8  120 days after the complaint is filed.  Plaintiff filed her complaint on August 17, 2009.  On

9  December 16, 2009, plaintiff filed a request for fifteen day extension of time to serve process.

10  Her request was based on ongoing negotiations for a loan modification between plaintiff's

11  attorneys and the primary defendant, because she had difficulties locating two individuals, and

12  because her husband who normally assists her with this action was occupied with two family

13  emergencies.  On December 30, 2009, fifteen days after the deadline for service, and before the

14  undersigned could review plaintiff's motion for extension of time, plaintiff served process on

15  defendants by regular first class U.S. mail.

16       Federal law requires that a defendant corporation be served either:

17      (A) in the manner prescribed by Rule 4(e)(1) for serving an
    individual; or

18      (B) by delivering a copy of the summons and complaint to an
    officer, a managing or general agent, or any other agent authorized

19      by appointment or by law to received service of process and - if the
    agent is one authorized by statute, and the statute so requires - by

20      also mailing a copy of each to the defendant....

21  Fed. R. Civ. P. 4(h).

22       Under subdivision (e)(1), service on individuals may be effectuated pursuant to

23  the laws of the forum state.  California requires service on a person designated as agent for

24  service of process where the defendant is a corporation.  Cal. Civ. Proc. Code § 416.10.  In lieu

25  of personal delivery, Cal. Civ. Proc. Code § 415.20 permits service on a corporation by

26  substituted service which requires leaving the summons and complaint during normal office

1    hours at the office of the defendant with a person "who is apparently in charge" and thereafter

2    mailing a copy of the summons and complaint to the defendant at that same office. California

3    does provide for service by mail to defendants outside the state; however, the statute requires a

4    return receipt. Cal. Civ. Proc. Code § 415.40. There is no evidence of such service in this case.

5    Defendants do not indicate whether they are foreign or domestic corporations.

6          The only ostensible service on defendants is reflected in a proof of service filed

7    December 31, 2009, indicating service on December 30, 2009 by first class U.S. mail. (Docket

8    #5.)

9          Plaintiff's service was defective and defendants are entitled to dismissal on that

10   ground. However, in order to forestall a probable re-filing, the undersigned rules on the merits.

11         In regard to defendants who have not yet made an appearance, however, plaintiff's

12   service of process was defective and there is no assurance that other defendants have received

13   service. Therefore, plaintiff will be given 21 days to effectuate proper service on all remaining

14   defendants not party to the instant motion and who have not filed a response to the complaint.[3]

15        II. <u>LEGAL STANDARD FOR MOTION TO DISMISS (Fed. R. Civ. P. 12(b)(6))</u>

16         In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6),

17   a complaint must contain more than a "formulaic recitation of the elements of a cause of action;"

18   it must contain factual allegations sufficient to "raise a right to relief above the speculative

19   level." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007). "The

20   pleading must contain something more...than...a statement of facts that merely creates a suspicion

21   [of] a legally cognizable right of action." <u>Id.</u>, quoting 5 C. Wright & A. Miller, Federal Practice

22   and Procedure § 1216, pp. 235-236 (3d ed. 2004). "[A] complaint must contain sufficient factual

23   matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>,

24   ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting <u>Twombly</u>, 550 U.S. at 570, 127 S.Ct. 1955).

25   ───────────────

26   [3] Defendants Lodes Capital Escrow, Inc. and Nikki Hall have filed an answer. (Dkt. # 9.)

4

1  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

2  draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

3       In considering a motion to dismiss, the court must accept as true the allegations of

4  the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.

5  Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the party opposing the

6  motion and resolve all doubts in the pleader's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421,

7  89 S. Ct. 1843, 1849, reh'g denied, 396 U.S. 869, 90 S. Ct. 35 (1969).  The court will "'presume

8  that general allegations embrace those specific facts that are necessary to support the claim.'"

9  National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256, 114 S.Ct. 798, 803

10  (1994), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992).

11  Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers.

12  Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972).

13       The court may consider facts established by exhibits attached to the complaint.

14  Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  The court may also

15  consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d

16  1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other

17  papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir.

18  1986).  The court need not accept legal conclusions "cast in the form of factual allegations."

19  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

20       A pro se litigant is entitled to notice of the deficiencies in the complaint and an

21  opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See

22  Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987).

23     III.  MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (Defendants

24  Wilshire Credit Corporation, Mortgage Electronic Registration Systems, Inc., Merrill Lynch

25  Mortgage Investors, Inc, and Merrill Lynch Investors Trust Series 2006 RM5)

26       These defendants move to dismiss based on failure to state a claim.  Plaintiff did

1  not originally file an opposition; however, after an order to show cause was issued and the

2  hearing continued, plaintiff, still representing herself, filed a timely response and opposition on

3  March 11, 2010.[4]  On March 25, 2010, plaintiff's newly retained attorney appeared at the hearing

4  to represent plaintiff without having filed a motion to substitute as counsel or having previously

5  made an appearance.  Counsel requested that due to his unfamiliarity with the case, he be granted

6  leave to file an amended complaint or a continuance to oppose the motion and effect proper

7  service.  Because plaintiff was previously granted a continuance to file an opposition, defendants

8  have been prevented from proceeding with foreclosure proceedings while plaintiff has been

9  living in the house, and because the merits of plaintiff's federal claims cannot be cured on

10  amendment, plaintiff's counsel's request is denied.  Counsel will have the opportunity to raise

11  any pertinent arguments on plaintiff's behalf through objections to these findings and

12  recommendations.

13       A.  TILA

14       The moving defendants contend that since rescission is directed solely to

15  defendant ResMAE, and ResMAE is currently in bankruptcy proceedings, this claim is

16  automatically stayed.  Defendants also contend that this court has no jurisdiction to hear the

17  TILA claim because it is barred by the statute of limitations.

18       A review of the complaint indicates that the only cause of action pertaining to

19  TILA is addressed solely to ResMAE Mortgage Corporation.  (Compl. at ¶¶ 38-48.)  Therefore,

20  these moving defendants cannot move to dismiss this particular claim.  ResMAE's motion to

21  dismiss will be addressed later in these findings and recommendations.

22       Nevertheless, even if plaintiff intended to allege a TILA and/or RESPA claim

23  against defendant Wilshire based on her factual recitation which states that Wilshire Credit

24  Corporation acknowledged violating TILA and RESPA, (compl. ¶ 15), these claims must be

25  ─────────────

26      [4]  Plaintiff's opposition contains no argument, but only lists exhibits which she has
attached.  (Dkt. #25.)

1  dismissed.

2         Plaintiff is barred by the statute of limitations for TILA which requires that an

3  action be brought within one year for damages claims, and three years for rescission claims.

4         TILA violations include the failure to provide the required disclosures pursuant to

5  15 U.S.C. § 1631 and the failure to clearly and conspicuously disclose information relating to the

6  "annual percentage rate" and the "finance charge" pursuant to 15 U.S.C. § 1632.  To recover

7  damages arising from alleged TILA violations, a plaintiff must file an action to recover damages

8  "within one year from the date of the occurrence of the violation."  15 U.S.C. § 1640(e).

9         The undersigned takes judicial notice of the Deed of Trust and the adjustable rate

10  rider, both dated August 4, 2006, as well as the Notary Public's attestation, dated August 9, 2006.

11  (Def.s' RJN Ex. 1, dkt. #6.)  The statute of limitations therefore expired on August 9, 2009, and

12  the instant action was filed after that date, on August 17, 2009.  Therefore, plaintiff's damages

13  claim under TILA is time barred.

14         Setting aside the issue of whether the required forms and disclosures were made

15  to plaintiff, the transaction was consummated on or about August 9, 2006.  As plaintiff filed this

16  action more than three years after that date, she is barred from seeking rescission.  Although

17  plaintiff has provided evidence of a "rescission demand letter," dated July 14, 2008, (Pl.'s Oppo.,

18  Ex. B), and her attorney apparently rescinded the loan on July 14, 2008, (id. at 38), providing

19  "notice of rescission within the three year period is irrelevant" to whether plaintiff timely files a

20  claim seeking rescission.  Falcocchia v. Saxon Morg., Inc., No. Civ. S-09-2700 LKK GGH, 2010

21  WL 582059, *6 (E.D. Cal. Feb.12, 2010).  Plaintiff must file a complaint seeking rescission

22  before the statute of limitation expires.  The three year period for filing TILA rescission claims is

23  an absolute statute of repose that cannot be tolled.  Miguel v. Country Funding Corp., 309 F.3d

24  1161 (9th Cir. 2002).

25         Furthermore, the Ninth Circuit has held that rescission under TILA "*should* be

26  conditioned on repayment of the amounts advanced by the lender."  Yamamoto v. Bank of N.Y.,

1    329 F. 3d 1167, 1170 (9th Cir. 2003) (emphasis in original).  District courts in this circuit have

2    dismissed rescission claims under TILA at the pleading stage based upon the plaintiff's failure to

3    allege an ability to tender loan proceeds.  See, e.g., Garza v. Am. Home Mortgage, 2009 WL

4    188604 at *5 (E.D. Cal. 2009) (stating that "rescission is an empty remedy without [the

5    borrower's] ability to pay back what she has received"); Ibarra v. Plaza Home Mortgage, 2009

6    WL 2901637 at *8 (S.D. Cal. 2009); Ing Bank v. Korn, 2009 WL 1455488 at *1 (W.D. Wash.

7    2009).  In this case, plaintiff has failed to allege any facts relating to her ability to tender the loan

8    proceeds, or that she in fact ever tendered the loan proceeds, especially in light of her bankruptcy

9    proceeding.

10           Finally, rescission is not available under TILA because the transaction for which

11   plaintiff seeks rescission was a "residential mortgage transaction," within the meaning of §

12   1602(w) (security interest sought against plaintiff's dwelling for the purpose of acquiring it),[5] and

13   was therefore expressly exempt from TILA's disclosure and rescission rights pursuant to §

14   1635(e)(1) ("[t]his section does not apply to. . . a residential mortgage transaction as defined in

15   section 1602(w) of this title").  See also, 12 C.F.R. § 226.23 (f) (exempting residential mortgage

16   transactions from rescission rights).

17           B.  RESPA

18           Wilshire has not moved to dismiss based on any conceivable RESPA claim

19   because one is not stated; however, it will be addressed briefly out of an abundance of caution.

20   In regard to the TILA claim, plaintiff has not specifically named Wilshire in her second cause of

21   action based on RESPA, but does specifically name seven other defendants in regard to that

22   claim.  She only mentions Wilshire's alleged involvement based on RESPA in her factual

23

24           [5]  15 U.S.C. § 1602(w) provides:  "The term 'residential mortgage transaction' means a
     transaction in which a mortgage, deed of trust, purchase money security interest arising under an
25   installment sales contract, or equivalent consensual security interest is created or retained against
     the consumer's dwelling to finance the acquisition or initial construction of such dwelling."
26   Accord, 12 C.F.R. § 226.2(a)(24).

1  summary of the complaint, as she did in regard to TILA, and does so only briefly.  (Compl. ¶¶ 15,

2  49.)

3           12 U.S.C. § 2605(e)(1) requires the servicer to provide information relating to the

4  servicing of the loan upon a qualified written request by the borrower.  Plaintiff has not provided

5  any facts indicating that plaintiff made a qualified written request to Wilshire, and that Wilshire

6  failed to provide information relating to the servicing of the loan.  Plaintiff makes only a

7  conclusory allegation that Wilshire, the servicer of ResMAE, "acknowledged TILA and RESPA

8  violations since August of 2008."  (Compl. ¶ 15.)  "'Naked assertion[s]' devoid of 'further

9  factual enhancement'" are not sufficient.  Ashcroft v. Iqbal, --- U.S. ----, ----, 129 S.Ct. 1937,

10  1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct.

11  1955, 167 L.Ed.2d 929 (2007)).

12           Therefore, any potential RESPA claim against Wilshire will be dismissed.

13           C.  ALLEGED SEC VIOLATIONS

14           Plaintiff asserts in her complaint violations of the "Securities and Exchange

15  Commission Rules and Regulation and US Securities Laws."  (Compl. at ¶ 72.)  She concedes

16  that she is unaware of any specific violations by the SEC, and seeks leave to amend this cause of

17  action "as more knowledge of the potentially fraudulent manipulation of the MBS securitization

18  process becomes better known by the legal community."  (Id.)

19           Plaintiff has failed to state a claim in this regard, and will not be given leave to

20  amend.

21           D.  State Law Claims

22           As there are no federal claims remaining against these defendants, this court

23  declines to exercise supplemental jurisdiction over plaintiff's possible state law claims.  See 28

24  U.S.C. § 1367(c)(3) (The district courts may decline to exercise supplemental jurisdiction over a

25  claim ...if – the district court has dismissed all claims over which it has original jurisdiction");

26  see also, Acri v. Varian Associates, Inc., 114 F.3d 999, 1000-1001 (9th Cir. 1997) (" 'in the usual

1  case in which all federal-law claims are eliminated before trial, the balance of factors . . . will

2  point toward declining to exercise jurisdiction over the remaining state-law claims' "), quoting

3  <u>Carnegie-Mellon University. v. Cohill</u>, 484 U.S. 343, 350, n. 7, 108 S. Ct. 614, 619, n. 7 (1988).

4       IV.  <u>MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM</u> (Defendant

5  <u>ResMAE)</u>

6            ResMAE seeks dismissal of claims against it based on its bankruptcy filing on

7  February 12, 2007.  ResMAE contends that because the acts in the complaint and the counter-

8  claim are alleged to have occurred prior to June 15, 2007, and based on the Bankruptcy Court's

9  order directing that all acts prior to that date are permanently barred, all claims and counter-

10  claims against it must be dismissed.  Counter-claimants Lodes Capital Escrow, Inc. and Nikki

11  Hall have not opposed ResMAE's motion.  Plaintiff, now represented by counsel, has filed an

12  opposition.

13            The pertinent order, issued by the Bankruptcy Court in the District of Delaware on

14  June 5, 2007, states that the satisfaction and release as addressed in the Plan of Reorganization

15  act as a permanent injunction to prevent persons from commencing or continuing any claims

16  against ResMAE which they possessed prior to the effective date.  (RJN, Dkt. # 18, Ex. 3 at 25.)

17  The "effective date" is "the first Business Day after the satisfaction or waiver of the conditions

18  contained in the Asset Purchase Agreement and the consummation of the 'Second Closing' under

19  the Asset Purchase Agreement."  (RJN, Dkt. #18, Ex. 3 at 90-91.)  According to defendants the

20  effective date was June 15, 2007, when the Trust property vested with the Liquidating Trust of

21  ResMAE Mortgage.[6]

22            An injunction such as that issued by the Bankruptcy Court cannot be challenged in

23  any court other than the court that issued it.  <u>Celotex Corp. v. Edwards</u>, 514 U.S. 300, 312-13,

24  115 S.Ct. 1493, 1501 (1995).  "<u>Celotex</u> tells us that a district court has no authority to modify or

25

26       [6]  Defendants have cited the Plan as authority for this date, but this date was not located in
   Exhibit A to the Confirmation Order.  (RJN Ex. 3 at 42-104.)

1    to disregard a § 105 injunction.  Only the bankruptcy court that issued the injunction has the

2    authority to modify the injunction, and until the injunction is modified the district court is bound

3    by it."  Lockyer v. Mirant Corp., 398 F.3d 1098, 1106 (9th Cir. 2005).

4            Based on Celotex, this court has no authority to issue an order addressing any

5    claims against ResMAE, be they claims by plaintiff or counter-claims by co-defendants in this

6    case.[7]

7            Plaintiff, now proceeding with counsel, argues only that this motion to dismiss is

8    untimely, and that plaintiff should be given the opportunity to challenge the injunction with the

9    Bankruptcy Court before this action is dismissed.  In regard to plaintiff's first argument, as

10   discussed above, service on ResMAE did not comply with the Federal and State rules.

11   Therefore, ResMAE was not required to respond to the complaint in any way.  It is true that

12   ResMAE does not challenge service; however, the failure to challenge service, but a defendant

13   not subject to suit, will not be held against it.  According to the proof of service filed December

14   31, 2009, (dkt. # 5), ResMAE was (improperly) served on December 30, 2009.  ResMAE filed its

15   notice of filing bankruptcy on January 22, 2010, and a request for dismissal based on the

16   bankruptcy on January 25, 2010.  (Dkt. ##7, 10.)  It then filed a request for dismissal on February

17   1, 2010, and only filed a motion to dismiss after being directed to do so by the district court.

18   (Dkt. #s 12, 14, 17.)  As ResMAE was never properly served, its motion to dismiss is timely.

19           Plaintiff has cited no authority in support of her request to challenge the

20   bankruptcy injunction order prior to the dismissal of ResMAE.

21   CONCLUSION

22           Accordingly, IT IS ORDERED that: plaintiff serve process on all defendants who

23   have not yet filed a responsive pleading, and file a statement reflecting service on those

24   defendants within 21 days of this order.  Failure to comply with this order will result in a

25   _____

26       [7]  The counter-claims against ResMAE arose as a direct result of plaintiff's claims, and
     therefore they are also barred by the order.  (Dkt. #9 at 9-14.)

1  recommendation that the unserved defendants be dismissed from this action.

2       For the reasons stated herein, IT IS HEREBY RECOMMENDED that:

3       1.  The motion to dismiss, filed January 28, 2010, by defendants Wilshire Credit

4  Corporation, Mortgage Electronic Registration Systems, Inc., Merrill Lynch Mortgage Investors,

5  Inc, and Merrill Lynch Investors Trust Series 2006 RM5, be granted and these defendants be

6  dismissed with prejudice.

7       2.  The motion to dismiss, filed February 17, 2010, by defendant ResMAE be

8  granted, and this defendant be dismissed with prejudice.

9       These findings and recommendations are submitted to the United States District

10  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

11  fourteen (14) days after being served with these findings and recommendations, any party may

12  file written objections with the court and serve a copy on all parties.  Such a document should be

13  captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the

14  objections shall be served and filed within fourteen (14) days after service of the objections.  The

15  parties are advised that failure to file objections within the specified time may waive the right to

16  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

17  DATED:   05/12/10

18                         /s/ Gregory G. Hollows

19                         _____
                       GREGORY G. HOLLOWS
                       UNITED STATES MAGISTRATE JUDGE

20  GGH:076
Pantalion2262.mtd.wpd

21

22

23

24

25

26