UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

CHARITY MAE PANTALIAN,  No. 2:09-cv-02262-MCE-GGH

    Plaintiff,

  v.  ORDER

RESMAE MORTGAGE CORPORATION et al.,

    Defendants.

Through this action Plaintiff, Charity M. Seymour, f.k.a. Charity M. Pantalion, ("Plaintiff") seeks relief from this Court's dismissal of her case against Defendant Christopher Cox on July 27, 2010 (ECF No. 43) and Defendants ResMAE Mortgage Corp. ("ResMAE"), Wilshire Credit Corp. ("Wilshire"), Mortgage Electronic Registration Systems, Inc. ("MERS"), Merrill Lynch Mortgage Investors, Inc., and Merrill Lynch Investors Trust Series 2006 RM5 on June 23, 2010 (ECF No. 42.).[1]

///

---

[1] Defendants Home Loans Direct ("DE HDL"), Hisham Desouki, Jonathan Annett, Fox Fields Financial, Inc., and Christopher Fox were served but never entered a responsive pleading, and thus were in default when the case was dismissed.

1

Specifically, Plaintiff requests the Court re-open the case as to all Defendants pursuant to Federal Rule of Civil Procedure 60(b)(1) and (6).[2]  On Dec 20, 2010 Plaintiff filed a Stipulation for Dismissal of the entire action against remaining Defendants Lodes Capital Escrow and Nikki Hall, (ECF No. 44.) and the Clerk of Court closed the case.

As a matter of background, Plaintiff's original complaint was filed on August 17, 2009.  Plaintiff alleged that on or about August 16, 2006, she obtained a loan from several of the original Defendants which was secured by a deed of trust naming Defendant ResMAE as the lender. (Compl. 6-7, ECF No. 1).  Plaintiff also alleged that Defendants ResMAE and Wilshire violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., by failing to satisfy the statute's disclosure requirements. (Id. at 9-11.) Furthermore, Plaintiff accused Defendants Wilshire, DE HDL, Desouki, Cox, Lodes Capital, Hall, Fox Fields, and Fox of violating the Real Estate Settlement Procedures Act ("RESPA") (12 U.S.C. § 2605), and, together with Defendants Merrill Lynch Mortgage Investor's Inc. and Merrill Lynch Investors Trust Series 2006 RM5, of violating unspecified Securities and Exchange Commission ("SEC") rules and regulations. (Id. at 11, 17.)[3]

---

[2] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

[3] Plaintiff's complaint also alleges various state causes of action, including violations of California's Rosenthal Act (Cal. Civ. Code § 1788 *et seq.*), unfair competition (Cal. Bus. and Prof. Code § 17200), misrepresentation, fraud, breach of fiduciary duty and negligence; however, after the federal claims were dismissed, the Court declined to exercise supplemental jurisdiction over the state causes of action.

1    The magistrate judge's Findings and Recommendations, adopted
2 by this Court, concluded the following: 1) Plaintiff's service on
3 all Defendants was defective, thus Defendants were entitled to
4 dismissal; 2) the district court had no authority to issue an order
5 addressing any claims against Defendant ResMAE due to a permanent
6 injunction imposed by a Delaware Bankruptcy Court prohibiting any
7 claims against this Defendant after June 15, 2007; 3) Plaintiff's
8 original complaint alleges RESPA violations against seven of the
9 twelve Defendants; however, she provided no facts other than the
10 conclusory allegation that Defendant Wilshire "acknowledged TILA
11 and RESPA violations;" 4) Plaintiff alleged no facts related to any
12 specific SEC violations; and 5) Plaintiff's TILA claims were not
13 only filed beyond the TILA statute of limitations but Plaintiff
14 also did not tender repayment of the amount advanced by the lender
15 as required by TILA.  (<u>See</u> F&R, ECF No. 34.)

16    Plaintiff's current motion requests the case be reopened
17 pursuant to Rule 60(b) due to 1) alleged errors or neglect by the
18 Court in interpreting TILA; 2) the court's alleged failure to
19 thoroughly read her Reply and Opposition; and 3) violation of her
20 due process rights when she was denied an opportunity to amend her
21 complaint at a March 25, 2010 hearing.  (Mot. for Relief, ECF
22 No. 46-2.)

23    A court has the power to revisit prior decisions of its own,
24 though it should be loathe to do so in the absence of extraordinary
25 circumstances, such as where the initial decision was "clearly
26 erroneous."  <u>Christianson v. Colt Indus. Operating Corp.</u>, 486 U.S.
27 800, 817 (1988).
28 ///

Specifically, Rule 60(b) enumerates the grounds upon which a motion for relief from an order or judgment may be made. It specifies that:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief.

In the instant case, Plaintiff has not met the "clearly erroneous" standard for reopening this case on any of the grounds for dismissal cited in the Findings and Recommendations.  Further, Plaintiff's motion does not address many of the specific issues raised by the Court, including the permanent injunction imposed by a Delaware Bankruptcy Court prohibiting any claims against Defendant ResMAE, or any of the RESPA and SEC deficiencies noted in the Findings.

Similarly, Plaintiff's motion fails to demonstrate the Court's error in its application of TILA.  Plaintiff's motion cites a case from the Northern District of Illinois, Stewart v. BAC Home Loans Servicing, to justify her assertion that her claim is not time-barred despite being filed beyond § 1635(f) three-year limitations period. 2011 WL 862938 (N.D. Ill. Mar 10, 2011). However, the holding in Stewart is contrary to Ninth Circuit precedent that § 1635(f) deprives a court of subject matter jurisdiction for any claim brought outside the three-year statute of limitations. See Miguel v. Country Funding Corp., 309 F.3d 1161, 1164 (9th Cir. 2002).

///

Finally, this case was closed in December 2010 after Plaintiff herself stipulated to the dismissal of the remaining defendants. The Court finds no compelling reason to reopen the case. Therefore, for the reasons set forth above, Plaintiff's Motion for Relief from Judgment is DENIED. [4]

IT IS SO ORDERED.

Date: June 20, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[4] Because oral argument will not be of material assistance, the Court deems this matter suitable for decision without oral argument.  E.D. Cal. Local Rule 230(g).

5